**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EULET KING, | No. 19-72283 |
| Petitioner, | Agency No. A075-776-748 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Eulet King, a native and citizen of Jamaica, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

King does not challenge the agency's determination that she was convicted of a particularly serious crime that rendered her ineligible for asylum and withholding of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to her asylum and withholding of removal claims.

Substantial evidence supports the agency's denial of deferral of removal under CAT because King failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Jamaica. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

The BIA properly concluded that King could not collaterally challenge her convictions before the agency. *See Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir. 1995) ("Criminal convictions cannot be collaterally attacked in deportation proceedings."); *see also Matter of Cuellar-Gomez*, 25 I. & N. Dec. 850, 854-55 (BIA 2012) (agency cannot entertain claims of constitutional error in underlying criminal conviction).

We reject King's contention that the government waived its arguments by

failing to file a brief with the BIA.

The record does not support King's contention that the agency failed to consider evidence or otherwise erred in the analysis of her claims.

As stated in the court's November 15, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**